ORIGINAL

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

|  |  |  |
|---|---|---|
| MARY KAY INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| SHARON K. LILLY AND | § | **3-08CV2082-K** |
| DENNIS C. LILLY, | § | JURY DEMANDED |
| Defendants. | § | |

**U.S. DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FILED**

**NOV 2 1 2008**

CLERK, U.S. DISTRICT COURT
By _____
Deputy

---

## PLAINTIFF'S ORIGINAL COMPLAINT

---

TO THE HONORABLE COURT:

Plaintiff Mary Kay Inc. ("Plaintiff" or "Mary Kay") files this Original Complaint against Sharon K. Lilly and Dennis C. Lilly (collectively, "Defendants") and would respectfully show:

### PARTIES

1.      Plaintiff Mary Kay Inc. is a Delaware corporation, licensed to do business in the State of Texas. Mary Kay maintains its principal place of business at 16251 Dallas Parkway, Addison, Texas 75001.

2.      Defendants Sharon K. Lilly and Dennis C. Lilly are individuals residing in Naples, Florida. Defendants may be served with process at their residence at 4735 Lighthouse Lane, Naples, Florida, 34112.

### JURISDICTION AND VENUE

3.      Mary Kay has brought claims against Defendants for violations of the United States Trademark Act, 15 U.S.C. §§ 1051 *et seq.*, which arise under federal law. As a result, jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331.

---

**PLAINTIFF'S ORIGINAL COMPLAINT** **Page 1**
193035

4.      This Court also has subject matter jurisdiction over this cause pursuant to 28 U.S.C. § 1332(a).  This is an action for damages in excess of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

5.      Pursuant to 28 U.S.C. §1391(a)(2), venue is also proper in the Northern District of Texas because the conduct complained about herein occurred, in part, in Dallas, Texas.  On information and belief, the Defendants have conducted business in the state of Texas by improperly purchasing, or at least soliciting the purchase of, Mary Kay products from Independent Beauty Consultants, whose IBC Agreements were entered into in Texas and are governed by Texas law, and improperly selling Mary Kay products over the Internet to Texas residents.

## BACKGROUND

### A.      Mary Kay's Business Model

6.      Mary Kay is a manufacturer and wholesale distributor of cosmetics, toiletries, skin care, and related products.  The worldwide success of Mary Kay is undeniable; the Company's products are now sold in over thirty-five (35) markets around the world.  Founded in 1963, Mary Kay has become one of the largest direct sellers of skin care products and color cosmetics in the United States.  Moreover, its founder, Mary Kay Ash, has been widely recognized as one of the most influential businesswomen in history.  Notwithstanding its international presence, Mary Kay maintains its national headquarters in Addison, Texas and continues to manufacture its products primarily at its manufacturing facility in Dallas, Texas.

7.      Mary Kay's international success can be attributed to the carefully designed business model it created for the marketing, sale, and distribution of its products.  Through this business model, Mary Kay produces the highest quality products and sells them directly to Independent Beauty Consultants, who then sell the products to their customers, the ultimate consumers.  Mary Kay provides the Independent Beauty Consultants with product knowledge



that they can, in turn, share with their customers to provide the highest level of customer service and ensure product satisfaction. In turn, the Mary Kay trademark has earned and enjoys a highly distinctive and famous status, a stature Mary Kay vigorously protects.

8.      Mary Kay uses the direct-sales method to market its products. Mary Kay sells its products at wholesale prices, and on a pre-paid basis, to the self-employed Independent Beauty Consultants. The Independent Beauty Consultants then offer the Mary Kay products to their customers at retail prices. An individual becomes an Independent Beauty Consultant when she/he submits an IBC Agreement, which is accepted by Mary Kay at its Dallas, Texas Headquarters, and then purchases a demonstration kit containing product samples and general information for use in her/his business. Independent Beauty Consultants make profits from the retail sales of Mary Kay products to their customers. Independent Beauty Consultants may also choose to recruit others to become Independent Beauty Consultants and can earn commissions when the individuals they recruited make wholesale purchases of products from Mary Kay to sell at retail to their customers.

**B.      Mary Kay's Marks Have Earned a Highly Distinctive and Famous Status**

9.      As a result of its long and continuous use and vigorous protection of its business model and high quality products, the Mary Kay trademark has earned and maintains a highly distinctive status. Mary Kay develops, manufactures, and markets its products in the United States and worldwide, under its distinctive and famous MARY KAY marks (collectively, the "Mary Kay Marks"). Mary Kay owns the Mary Kay Marks, and the corresponding United States registrations listed below, for use with its cosmetic products, skin care products, and other related goods and services.

| Mark: | International Class(es) – First Use in Commerce | Registration No. | Filing – Registration Dates |
|---|---|---|---|
| MARY KAY (Stylized) | Class 3 – At least as early as 9/15/63 | 817516 | 10/19/64 – 10/25/66 |
| MARY KAY | Class 3 – At least as early as 5/03/76 | 1070841 | 6/01/76 – 8/09/77 |
| MARY KAY (Stylized) | Class 3 – At least as early as 5/25/88 | 1545983 | 7/22/88 – 7/04/89 |
| MARY KAY | Class 3 – At least as early as 1963; Class 8 – At least as early as 1990; Class 9 – At least as early as 1990; Class 16 – At least as early as 1980; Class 21 – At least as early as 1990 | 1842599 | 8/07/92 – 7/05/94 |
| MARY KAY (Stylized) | Class 3 – At least as early as 1988; Class 8 – At least as early as 1990; Class 9 – At least as early as 1990; Class 16 – At least as early as 1989; Class 21 – At least as early as 1990 | 2542184 | 10/30/99 – 2/26/02 |

10. Mary Kay owns the above registrations, which are valid and subsisting. Registration Numbers 1,070,841, 1,545,983, and 1,842,599 are incontestable in accordance with Section 15 of the Lanham Act, 15 U.S.C. § 1065. (*See* Certificates of Registration for Mary Kay Marks 1,070,841, 1,545,983, and 1,842,599, attached as Exhibit A). Mary Kay also holds registered trademarks for its individual products and certain product lines, including, but not limited to MK Signature, Timewise, and Velocity. (*See* Certificates of Registration for these Mary Kay Marks, attached as Exhibit B).

11.     Significantly, Mary Kay initially adopted the MARY KAY mark, as early as 1963, and has continuously used the Mary Kay Marks in connection with the sale of its products. As a result of Mary Kay's early adoption and long-established use, the Mary Kay Marks are widely recognized and relied upon by the public in Texas and throughout the United States to identify Mary Kay, Mary Kay products, the personal customer service that accompanies Mary Kay products, and to distinguish Mary Kay products and services from the products or services of others. Moreover, Mary Kay has an extensive media campaign, and Mary Kay uses the Mary Kay Marks in various media formats, including on the Internet, to promote its Mary Kay products. Mary Kay owns the domain www.marykay.com.

12.     As a result of the continuous usage and promotion of the Mary Kay Marks, Mary Kay has acquired, in addition to the rights established through registration, recognized common-law rights in the Mary Kay Marks. Mary Kay has also developed valuable goodwill in the Mary Kay Marks.

### C.     Mary Kay's IBC Agreements Protect Its Business Model and Trademark Rights.

13.     The IBC Agreement places certain obligations on the Independent Beauty Consultants. Under these agreements, the Independent Beauty Consultant agrees:

1.     *To promote and sell Mary Kay products® to ultimate consumers and not to sell or display those products in retail sales or service establishments.*

\*     \*     \*

3.     To maintain the highest standards of integrity, honesty and responsibility in dealings with the Company, consumers and other Beauty Consultants. To present Mary Kay® products in a truthful and sincere manner and hold the Company harmless from damages resulting from misrepresentations by me.

4.     To protect the Mary Kay® trademarks and trade name by obtaining the Company's written permission prior to my use in any

advertising (including but not limited to the Internet) or literature other than Company-published material. I understand that display or sale of Mary Kay® products in public, retail or service establishments of any kind is inconsistent with the terms of this Agreement.

14.     The obligations placed on the Independent Beauty Consultants by the IBC Agreement are intended to protect Mary Kay's direct sales model, which in turn maintains the integrity of the products and preserves goodwill between Mary Kay, its Independent Beauty Consultants, and the ultimate consumers who choose to buy products from Independent Beauty Consultants. Specifically, the terms of the IBC Agreement allow the Independent Beauty Consultants to obtain products from Mary Kay at wholesale prices, with the requirement that such products will be marketed by the Independent Beauty Consultants directly to ultimate consumers and not in retail sales or service establishments.

15.     The IBC Agreement also places obligations on the Independent Beauty Consultant designed to protect the stature of the Mary Kay's trademarks. The terms of the IBC Agreement prohibit Independent Beauty Consultants from using the Mary Kay name or trademark in any advertising, specifically prohibiting the use of the Mary Kay name and trademark in Internet advertising or sales without Mary Kay's prior written approval. Mary Kay expressly retains the exclusive right to use and advertise the Mary Kay name and trademark at its discretion and in a manner consistent with the Mary Kay business model.

**D.     Defendants' Willful and Intentional Misconduct Tortiously Interferes With Mary Kay's Existing Contracts.**

16.     On or about January 6, 2006, Sharon K. Lilly signed an IBC Agreement that was accepted in Dallas, Texas by Mary Kay, allowing her to become a Mary Kay Independent Beauty Consultant. Like all other Independent Beauty Consultants, Ms. Lilly agreed to sell

---

Mary Kay products directly to ultimate consumers and not to sell or display the Mary Kay products in retail sales outlets. She further agreed to protect the Mary Kay trademarks and trade name by obtaining Mary Kay's permission prior to using the Mary Kay name in any advertising or literature. By agreeing to follow the Mary Kay business model, Ms. Lilly was entrusted with the right to purchase and sell Mary Kay products and she was offered valuable education that might assist her to embark on a successful business.

17.     Mary Kay subsequently learned that Ms. Lilly was violating the terms of her IBC Agreement by improperly advertising and selling Mary Kay products on the Internet. Upon learning of the her improper and unauthorized sales of its products on the Internet, Mary Kay contacted Ms. Lilly to inform her that this activity violated the terms of her IBC Agreement and to request that she immediately cease and desist the prohibited activities. Ms. Lilly failed to respond to Mary Kay's request. Mary Kay was forced to terminate Ms. Lilly's IBC Agreement, effective May 17, 2006. Following the termination of Ms. Lilly's IBC Agreement, she created a website listed under the domain name www.sharonscosmeticshoppe.com for the purpose of selling Mary Kay products on the Internet.

18.     Ms. Lilly is no longer a Mary Kay Independent Beauty Consultant. Significantly, she no longer has the ability to purchase Mary Kay products directly from Mary Kay. As a former Independent Beauty Consultant, she is aware of the terms of the Mary Kay standardized IBC Agreement. She is also aware that all Independent Beauty Consultants must enter into the standard IBC Agreement before becoming Mary Kay Independent Beauty Consultants.

19.     On information and belief, Ms. Lilly willfully and intentionally solicits current Mary Kay Independent Beauty Consultants to sell Mary Kay products to her in breach of their IBC Agreements. Her business strategy appears to be the marketing and sale of Mary Kay products at a discounted price. Because Ms. Lilly does not have the ability to purchase Mary

Kay products directly from Mary Kay, the success of this business strategy necessarily requires the calculated inducement of current Independent Beauty Consultants to breach their IBC Agreements with Mary Kay.

20.     Upon information and belief, Ms. Lilly even encouraged her husband, Dennis C. Lilly, to execute an IBC Agreement to provide her with the ability to purchase Mary Kay products at a discounted price.  Mr. Lilly executed an IBC Agreement on May 26, 2006, the same month that Mary Kay terminated his wife's IBC Agreement.  Upon information and belief, Mr. Lilly had no intention of abiding by the terms of the IBC Agreement; instead, he executed the IBC Agreement with the intention to purchase Mary Kay's products and resell them on the Internet.   Upon discovery of Defendants' fraud, Mary Kay terminated Mr. Lilly's IBC Agreement effective April 30, 2008.

21.     These willful acts by Defendants constitute fraud and tortious interference with existing contractual relationships between Mary Kay and its current Independent Beauty Consultants.

**E.     Defendants Use Mary Kay's Trademarks and Name Without Authorization.**

22.     Defendants continue to use the Mary Kay's trademarks and name without authorization or consent from Mary Kay.  Defendants' unlawful and unauthorized use of the trademarks and name harms not only Mary Kay, but also consumers who are confused or deceived into purchasing products through her website believing they are purchasing guaranteed products from an authorized Mary Kay Independent Beauty Consultant.  Defendants' use in commerce of Mary Kay's trademarks and name began more than forty years after Mary Kay adopted and began using the MARY KAY mark.  As a result, Defendants' unauthorized use began after Mary Kay's trademarks and name became famous.

23.     Defendants' unauthorized use of Mary Kay's trademarks and name has confused or is likely to confuse consumers as to the affiliation, connection, or association of Defendant

with Mary Kay, as well as to the origin, sponsorship, or approval of Defendants' goods, services, or commercial activities by Mary Kay.  As a result of the confusion that has been or is likely to be engendered by Defendants' activities, Mary Kay's trademarks and associated valuable goodwill are therefore being irreparably harmed.

### F.      Defendants' Misconduct Causes Mary Kay Substantial and Irreparable Harm.

24.      Defendants' misconduct has harmed and continues to harm Mary Kay, its Independent Beauty Consultants, and its trademarks.  Specifically, the continued willful and deceitful acts of Defendants have resulted in the loss of business, including the actual loss of valuable business relationships existing between Mary Kay and its Independent Beauty Consultants, harm to its reputation and goodwill.  On information and belief, the intentional interference by the Defendants with Mary Kay's contractual relationships also has resulted in the loss of sales opportunities for other Independent Beauty Consultants.   The loss of sales opportunities for its Independent Beauty Consultants is detrimental to Mary Kay and its business model.

25.      Moreover, Defendants' unauthorized use of the Mary Kay Marks constitutes a misappropriation of Mary Kay's exclusive property right in its trademarks.  On information and belief, Defendants' misappropriation of the Mary Kay Marks and name has confused consumers and damaged Mary Kay's business reputation and the goodwill it has established through its trademarks.

### COUNT I: Tortious Interference With An Existing Contractual Relationship

26.      Mary Kay hereby alleges and incorporates all of the preceding allegations as if set forth fully herein.

---

27.     Defendants, through their prior relationship with Mary Kay as Mary Kay Independent Beauty Consultants, had knowledge of Mary Kay's established contractual relationships with its current Independent Beauty Consultants, which prevent the current Independent Beauty Consultants from selling Mary Kay products to anyone other than ultimate consumers.  Defendants have further knowledge that current Independent Beauty Consultants are prohibited from selling Mary Kay products through retail outlets, including Internet websites.

28.     Defendants have wrongfully, maliciously, and tortiously interfered with Mary Kay's contractual relationships by soliciting, encouraging, and inducing current Independent Beauty Consultants to breach their IBC Agreements with Mary Kay.

29.     Defendants have no privilege or justification for her actions.

30.     Defendants' actions proximately caused Mary Kay's loss.   As a result of Defendants' wrongful conduct, Mary Kay is entitled to the injunctive remedies specified in the Prayer for Relief and damages in an amount to be proved at trial.

## COUNT II: Fraud

31.     Mary Kay hereby alleges and incorporates all of the preceding allegations as if set forth fully herein.

32.     Defendants made material representations to Mary Kay.  The representations were false.  When Defendants made the representations, Defendants knew the representations were false or made the representations recklessly, as positive assertions, and without knowledge of their truth.  Defendants intended to induce the Mary Kay to enter into the IBC Agreement agreements based on the false representations.   Mary Kay relied on Defendants' false representations.  The false representations caused them injury.

## COUNT III: Unfair Competition Under The Lanham Act

33.     Mary Kay hereby alleges and incorporates all of the preceding allegations as if set forth fully herein.

34.     Defendants' actions constitute unfair competition in violation of 15 U.S.C. § 1125(a).

35.     On information and belief, Defendants' unfair competition has been willful and malicious, thus making this an exceptional case under 15 U.S.C. § 1117(a).

36.     As a result of Defendants' wrongful conduct, Mary Kay is entitled to the injunctive remedies specified in the Prayer for Relief and damages in an amount to be proved at trial, including enhanced damages as allowed by law, as well as recovery of all reasonable attorneys' fees and costs incurred in connection with this action.

## COUNT IV: Trademark Infringement Under The Lanham Act

37.     Mary Kay hereby alleges and incorporates all of the preceding allegations as if set forth fully herein.

38.     The conduct of Defendants as described herein constituted, and continues to constitute, trademark infringement under the Lanham Act, codified at 15 U.S.C. § 1114.

39.     On information and belief, Defendants' actions have been willful, with full knowledge of Mary Kay's rights, and with an intent to trade on Mary Kay's goodwill in such registered trademarks, thus making this an exceptional case under 15 U.S.C. § 1117(a).

40.     As a result of Defendants' wrongful conduct, Mary Kay is entitled to the injunctive remedies specified in the Prayer for Relief, damages in an amount to be proved at trial,

including enhanced damages as allowed by law, as well as recovery of all reasonable attorneys' fees and costs incurred in connection with this action.

## COUNT V: Unfair Competition Under Texas Common Law

41.     Mary Kay hereby alleges and incorporates all of the preceding allegations as if set forth fully herein.

42.     Defendants' conduct constitutes unfair competition under Texas common law.

43.     As a result Defendants' wrongful conduct, Mary Kay is entitled to the injunctive remedies specified in the Prayer for Relief and damages in an amount to be proved at trial.

## COUNT VI: Trademark Infringement Under Texas Common Law

44.     Mary Kay hereby alleges and incorporates each and every allegation set forth in paragraphs 1 through 45 into this cause of action.

45.     Defendants' conduct constitutes trademark infringement under Texas common law.

46.     As a result of Defendants' wrongful conduct, Mary Kay is entitled to the injunctive remedies specified in the Prayer for Relief and damages in an amount to be proved at trial.

## COUNT VII: Unjust Enrichment

47.     Mary Kay hereby alleges and incorporates all of the preceding allegations as if set forth fully herein.

48.     Defendants have been unjustly enriched, to Mary Kay's detriment, by the unauthorized use of the Mary Kay name and marks.  Defendants have willfully and knowingly circumvented the Mary Kay direct sales model by improperly obtaining Mary Kay products

through the tortious interference with Mary Kay contracts.  Defendants have profited from the improper Internet sale of these Mary Kay products relying on Mary Kay's good reputation associated with its mark.

49.    As a result of these actions, Mary Kay is entitled to damages from Defendants' unjust enrichment.

## COUNT VIII: Injunctive Relief

50.    Mary Kay hereby alleges and incorporates all of the preceding allegations as if set forth fully herein.

51.    Defendants have damaged Mary Kay, and is continuing to damage Mary Kay, by the willful and unlawful acts complained of herein.  Unless Defendants are restrained by this Court, they will cause irreparable injury to Mary Kay for which there is no adequate remedy at law.

## REQUEST FOR JURY TRIAL

52.    Pursuant to Rule 38(b), Fed. R. Civ. P., Mary Kay demands a trial by jury.

## PRAYER

For the reasons stated above, Plaintiff Mary Kay Inc. prays:

A.      that Defendants, their officers, agents, servants, employees, attorneys, and all those persons in active concert or participation with Defendants, be preliminarily and permanently enjoined and restrained from competing unfairly with Mary Kay, interfering with Mary Kay's existing and prospective relationships, and from using the Mary Kay Marks in any manner whatsoever that is likely to cause confusion, including:

1.  interfering, or acting with others to interfere, with Mary Kay's existing contractual relationships with its Independent Beauty Consultants and its prospective contractual relationships;

2.  continuing to solicit Mary Kay Independent Beauty Consultants to sell Mary Kay products to Defendants in breach of the IBC Agreements and continuing to purchase Mary Kay products from current Independent Beauty Consultants;

3.  continuing to operate the website www.sharonscosmeticshoppe.com or any other website that contains infringing or otherwise unlawful content;

4.  continuing to sell Mary Kay products on any eBay store or similar auction site that contains infringing or otherwise unlawful content;

5.  falsely or misleadingly representing themselves and their activities, goods, and services to be sponsored by, approved by, or affiliated with Mary Kay;

6.  falsely or misleadingly representing any product of Defendants or others as originating from, being sponsored by, or approved by Mary Kay;

7.  committing any other acts or making any other representations, express or implied, that would infringe any of Mary Kay's trademark rights, or that would confuse, mislead, or deceive consumers as to Defendants' sponsorship of, approval by, or affiliation with Mary Kay;

8.  continuing the sale and/or distribution of any unlawfully obtained Mary Kay products; and

9.  inducing, assisting, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (1)-(8) above;

B. for an award of damages sustained as a result of Defendants' activities, trebled as allowed by law;

C. for an award of exemplary damages sustained as a result of Defendants' activities;

D. for an accounting of Defendants' sales resulting from Defendants' activities and unjust enrichment, and that their profits be paid over to Mary Kay, increased as the court finds to be just under the circumstances of this case and that the unlawfully obtained Mary Kay products in Defendants' possession, custody, or control be disposed of appropriately as the court finds to be just under the circumstances of this case;

E. for an award of attorneys' fees and costs as allowed by law;

F. for an award of prejudgment and post-judgment interest on all sums awarded; and

G. for such other and further relief as the court may deem just, equitable and appropriate.

DATED: November 21, 2008

Respectfully submitted,

John T. Cox III
Texas Bar No. 24003722
Christopher J. Schwegmann
Texas Bar No. 24031515
**LYNN TILLOTSON PINKER & COX, L.L.P.**
750 N. St. Paul St., Suite 1400
Dallas, Texas 75201
(214) 981-3800 - telephone
(214) 981-3839 - facsimile

**ATTORNEYS FOR PLAINTIFF**



Int. Cl.: 3

Prior U.S. Cl.: 51, 52

## United States Patent Office

Reg. No. 1,070,841
Registered Aug. 9, 1977

## TRADEMARK
### Principal Register

## MARY KAY

Mary Kay Cosmetics, Inc. (Texas corporation)
8900 Carpenter Freeway
Dallas, Tex. 75247

For: HAIR CARE PRODUCTS, SPECIFICALLY HAIR SHAMPOOS, HAIR CONDITIONERS, HAIR SPRAYS, AND SETS THEREOF, in CLASS 3 (U.S. CLS. 51 and 52).

First use at least as early as Apr. 4, 1976; in commerce at least as early as May 3, 1976.

"Mary Kay" is the first two names of Mary Kay Ash, the founder and chairman of the board of Mary Kay Cosmetics, Inc., whose consent is of record.

Owner of Reg. Nos. 817,516, 817,933, and 1,022,401.

Ser. No. 88,946, filed June 1, 1976.

E. P. HARAB, Examiner

Int. Cl.: 3

Prior U.S. Cls.: 51 and 52

Reg. No. 1,545,983

## United States Patent and Trademark Office
### Registered July 4, 1989

## TRADEMARK
### PRINCIPAL REGISTER

# MARY KAY

MARY KAY COSMETICS, INC. (TEXAS COR-
PORATION)
8787 STEMMONS FREEWAY
DALLAS, TX 75247

FOR: COSMETICS, SPECIFICALLY CLEANS-
ING CREAM, FRESHENER, MOISTURIZER,
HAND CREAM, CLEANSING GEL, COLOGNE,
EYE CREAM CONCENTRATE, WATERPROOF
MASCARA, FOUNDATION, TRANSLUCENT
POWDER, HAIR SHAMPOO, NIGHT CREAM,
MOISTURE RICH MASK, BODY LOTION, SUN-
SCREEN LOTION, PURIFYING BAR, LIP
GLOSS, EYE SHADOW, CREAM BLUSH, ANTI-

AGING COMPLEX, AND PROTEIN CONDI-
TIONER, IN CLASS 3 (U.S. CLS. 51 AND 52).
FIRST USE 5-25-1988; IN COMMERCE
5-25-1988.
OWNER OF U.S. REG. NOS. 817,516, 1,312,253
AND OTHERS.
THE NAME "MARY KAY" IN THE MARK IS
THE FIRST AND SECOND NAMES OF "MARY
KAY ASH", A LIVING INDIVIDUAL WHOSE
CONSENT IS OF RECORD.

SER. NO. 741,595, FILED 7-22-1988.

MICHAEL MURPHY, EXAMINING ATTORNEY

Int. Cls.: 3, 8, 9, 16 and 21

Prior U.S. Cls.: 2, 21, 23, 29, 36, 37, 38, 51 and 52

## United States Patent and Trademark Office

Reg. No. 1,842,599
Registered July 5, 1994

### TRADEMARK
### PRINCIPAL REGISTER

## MARY KAY

MARY KAY COSMETICS, INC. (DELAWARE CORPORATION)
8787 STEMMONS FREEWAY
DALLAS, TX 75247

FOR: BODY CARE PRODUCTS; NAMELY, BUFFING CREAMS, CLEANSING GELS, BODY LOTIONS, DUSTING POWDER; HAIR CARE PRODUCTS; NAMELY, SHAMPOOS, CONDITIONERS, STYLING GELS, FINISHING SPRAYS AND STYLING MOUSSE; SKIN CARE PRODUCTS; NAMELY, CLEANSING CREAMS, CLEANSING BARS, FACIAL SOAPS, FACIAL MOISTURE AND REVITALIZING MASKS, TONERS, SHAVE CREAMS, MOISTURIZERS, OIL CONTROL LOTIONS, OIL ABSORBERS, HAND CREAMS, CREAM AND LIQUID FOUNDATIONS, SKIN CREAMS; GLAMOUR AND BEAUTY PRODUCTS; NAMELY, EYE COLORS, EYE DEFINING PENCILS, EYEBROW PENCILS, MASCARA, LIPSTICKS, LIP GLOSS, LIP LINER PENCILS, CHEEK COLORS, ROUGE, LOOSE POWDER, PRESSED POWDER, FACIAL HIGHLIGHTER, BLEMISH CONCEALERS, NAIL CARE PREPARATIONS, NAIL COLORS; SUNSCREEN AND SUNBLOCK PREPARATIONS, TANNING LOTIONS AND NON-MEDICATED LIP PROTECTOR PREPARATIONS; AND FRAGRANCE PRODUCTS; NAMELY, COLOGNES AND COLOGNE SPRAYS, AND EMERY BOARDS, IN CLASS 3 (U.S. CLS. 51 AND 52).

FIRST USE 0–0–1963; IN COMMERCE 0–0–1963.

FOR: MANICURE IMPLEMENTS; NAMELY, NAIL BUFFERS, CUTICLE PUSHERS, IN CLASS 8 (U.S. CL. 23).

FIRST USE 0–0–1990; IN COMMERCE 0–0–1990.

FOR: AUDIOVISUAL SALES AIDS FOR THOSE ENGAGED IN THE PROMOTION AND SALE OF COSMETICS, SKIN CARE, GLAMOUR AND LIKE PRODUCTS; NAMELY, AUDIOCASSETTE AND VIDEOCASSETTE TAPES FEATURING SALES TIPS, ADVICE AND TRAINING AND MOTIVATIONAL TOPICS, IN CLASS 9 (U.S. CLS. 21 AND 36).

FIRST USE 0–0–1990; IN COMMERCE 0–0–1990.

FOR: PRINTED BUSINESS SUPPLIES AND SALES AIDS FOR THOSE ENGAGED IN THE PROMOTION AND SALE OF COSMETICS, SKIN CARE, GLAMOUR AND LIKE PRODUCTS; NAMELY, BUSINESS ORGANIZER FOLDERS, LABELS, DECALS, GLAMOUR SHADE GUIDES, SALES FLIP CHARTS, PROMOTIONAL DECALS, PLANNING SHEETS, INSTRUCTIONAL BROCHURES, AND MAGAZINES AND PAMPHLETS CONTAINING COSMETIC, SKIN CARE, BEAUTY AND RELATED TOPICS; DISPOSABLE PAPER FACIAL CLOTHS; PLASTIC AND PAPER COSMETIC BAGS SOLD EMPTY, IN CLASS 16 (U.S. CLS. 37 AND 38).

FIRST USE 0–0–1980; IN COMMERCE 0–0–1980.

FOR: COSMETIC TRAYS AND CADDYS, LIPSTICK HOLDERS, EYELINER BRUSHES, RETRACTABLE EYE AND LIP BRUSHES, COSMETIC BRUSHES AND COSMETIC

**2**                                   **1,842,599**

SPONGE TIP APPLICATORS, IN CLASS 21          OWNER OF U.S. REG. NOS. 817,516, 1,628,275
(U.S. CLS. 2 AND 29).                        AND OTHERS.

                                             SER. NO. 74-302,038, FILED 8-7-1992.

   FIRST   USE   0-0-1990;   IN   COMMERCE   GERALD C. SEEGARS, EXAMINING ATTOR-
0-0-1990.                                    NEY



Int. Cls.: 16, 18 and 21

Prior U.S. Cls.: 1, 2, 3, 5, 13, 22, 23, 29, 30, 33, 37, 38, 40, 41 and 50

**United States Patent and Trademark Office**

Reg. No. 2,929,973
Registered Mar. 8, 2005

## TRADEMARK
### PRINCIPAL REGISTER

## MK SIGNATURE

MARY KAY INC. (DELAWARE CORPORATION)
16251 DALLAS PARKWAY
P. O. BOX 799045
DALLAS, TX 753799045

FOR: PAPER, CARDBOARD, AND GOODS MADE FROM THESE MATERIALS INCLUDED IN THIS CLASS, NAMELY, PRINTED MATTER, NAMELY, STATIONERY, NOTE CARDS, ENVELOPES, REMINDER POSTCARDS, NOTE PAPER, ORDER FORMS, LETTERHEADS AND BUSINESS CARDS; NEWSPAPERS FEATURING ARTICLES OF INTEREST TO WOMEN AND CONTAINING ADVICE REGARDING THE RECRUITING AND TRAINING OF OTHERS IN DIRECT SALES OF COSMETICS AND TOILETRY PRODUCTS; MAGAZINES AND PAMPHLETS CONTAINING TOPICS OF BEAUTY CARE AND FASHION PERIODICALLY DISTRIBUTED TO INDEPENDENT BUSINESS PERSONS ENGAGED IN THE SALE OF COSMETICS, TOILETRIES, AND RELATED PRODUCTS FOR THEIR USE AND DISTRIBUTION TO THEIR CUSTOMERS; PENS AND PENCILS FOR WRITING, PAPER IDENTIFICATION CARDS, PAPER LABELS, DECALS, DATE BOOKS; INSTRUCTIONAL BROCHURES COVERING SKIN CARE, MAKEUP, HAIR CARE, AND NAIL CARE TIPS AND PROPER APPLICATION AND USE OF SKIN CARE, MAKEUP, HAIR CARE AND NAIL CARE PRODUCTS; DISPO-

SABLE FACIAL TISSUES, PLASTIC AND PAPER BAGS FOR PACKAGING, EYE PENCIL SHARPENERS AND LIP PENCIL SHARPENERS, IN CLASS 16 (U.S. CLS. 2, 5, 22, 23, 29, 37, 38 AND 50).

FIRST USE 11-0-2001; IN COMMERCE 11-0-2001.

FOR: LEATHER AND IMITATIONS OF LEATHER AND GOODS MADE OF THESE MATERIALS INCLUDED IN THIS CLASS, NAMELY, TOTE BAGS, TRAVEL BAGS, AND UMBRELLAS, LIPSTICK VANITY HOLDERS, IN CLASS 18 (U.S. CLS. 1, 2, 3, 22 AND 41).

FIRST USE 11-0-2001; IN COMMERCE 11-0-2001.

FOR: COSMETIC VANITY TRAYS, EMPTY COSMETIC COMPACTS, AND COSMETIC BRUSHES, IN CLASS 21 (U.S. CLS. 2, 13, 23, 29, 30, 33, 40 AND 50).

FIRST USE 11-0-2001; IN COMMERCE 11-0-2001.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "SIGNATURE", APART FROM THE MARK AS SHOWN.

SER. NO. 76-387,257, FILED 3-26-2002.

INGA ERVIN, EXAMINING ATTORNEY

Int. Cl.: 3

Prior U.S. Cls.: 1, 4, 6, 50, 51, and 52

**United States Patent and Trademark Office**

Reg. No. 3,174,408
Registered Nov. 21, 2006

## TRADEMARK
### PRINCIPAL REGISTER

MK *Signature*

MARY KAY INC. (DELAWARE CORPORATION)
P.O. BOX 799045
DALLAS, TX 753799045

FOR: CREAM, LIQUID MAKEUP FOUNDA-
TIONS, CREAM MAKEUP FOUNDATIONS, FA-
CIAL HIGHLIGHTERS, BLEMISH CONCEALERS,
MASCARAS, EYELINERS, EYE PENCILS, EYE SHA-
DOWS, EYEBROW PENCILS, BLUSHERS, ROUGES,
POWDER CHEEK COLORS, LOOSE AND PRESSED
FACE POWDERS, LIPSTICKS, LIP GLOSSES, LIP
LINER PENCILS, LIP COLOR CRAYONS, NAIL

CARE PREPARATIONS, NAIL COLORS, NAIL TOP
AND BASE COATS, IN CLASS 3 (U.S. CLS. 1, 4, 6, 50,
51 AND 52).

FIRST USE 11-1-2001; IN COMMERCE 11-1-2001.

OWNER OF U.S. REG. NOS. 1,148,597 AND
2,186,493.

SN 76-259,699, FILED 5-21-2001.

SETH A. RAPPAPORT, EXAMINING ATTORNEY

Int. Cl.: 3

Prior U.S. Cls.: 1, 4, 6, 50, 51, and 52

**United States Patent and Trademark Office**

Reg. No. 3,174,407
Registered Nov. 21, 2006

## TRADEMARK
### PRINCIPAL REGISTER

## MK SIGNATURE

MARY KAY INC. (DELAWARE CORPORATION)
P. O. BOX 799045
DALLAS, TX 753799045

FOR: CREAM, LIQUID MAKEUP FOUNDA-
TIONS, CREAM MAKEUP FOUNDATIONS, FA-
CIAL HIGHLIGHTERS, BLEMISH CONCEALERS,
MASCARAS, EYELINERS, EYE PENCILS, EYE SHA-
DOWS, EYEBROW PENCILS, BLUSHERS, ROUGES,
POWDER CHEEK COLORS, LOOSE AND PRESSED
FACE POWDERS, LIPSTICKS, LIP GLOSSES, LIP
LINER PENCILS, LIP COLOR CRAYONS, NAIL

CARE PREPARATIONS, NAIL COLORS, NAIL TOP
AND BASE COATS, IN CLASS 3 (U.S. CLS. 1, 4, 6, 50,
51 AND 52).

FIRST USE 11-1-2001; IN COMMERCE 11-1-2001.

OWNER OF U.S. REG. NOS. 1,148,597, 2,384,691,
AND OTHERS.

SN 76-259,698, FILED 5-21-2001.

SETH A. RAPPAPORT, EXAMINING ATTORNEY

**Int. Cl.: 3**

**Prior U.S. Cls.: 1, 4, 6, 50, 51, and 52**

**United States Patent and Trademark Office**

**Reg. No. 2,414,631**

**Registered Dec. 19, 2000**

## TRADEMARK
### PRINCIPAL REGISTER

## TIMEWISE

MARY KAY INC. (DELAWARE CORPORATION)
16251 DALLAS PARKWAY
P. O. BOX 799045
DALLAS, TX 753799045

FOR: SKIN CARE PRODUCTS, NAMELY SKIN CREAMS, LOTIONS, CONDITIONERS, SERUMS, OILS, OIL CONTROLLERS, OIL ABSORBERS, MASKS, MOISTURIZERS, MUDS, SCRUBS, SOAPS,

BARS AND GELS; LIQUID, CREAM AND POWDER FOUNDATIONS; AND MAKEUP REMOVERS, IN CLASS 3 (U.S. CLS. 1, 4, 6, 50, 51 AND 52).

FIRST USE 2-16-2000; IN COMMERCE 2-16-2000.

SN 75-645,284, FILED 2-22-1999.

JENNIFER DIXON, EXAMINING ATTORNEY

Int. Cl.: 4

Prior U.S. Cls.: 1, 6 and 15

Reg. No. 2,816,366

## United States Patent and Trademark Office

Registered Feb. 24, 2004

### TRADEMARK
### PRINCIPAL REGISTER

## VELOCITY

MARY KAY INC. (DELAWARE CORPORATION)
16251 DALLAS PARKWAY
P. O. BOX 799045
DALLAS, TX 753799045

FOR: CANDLES, IN CLASS 4 (U.S. CLS. 1, 6 AND 15).

FIRST USE 8-0-2002; IN COMMERCE 8-0-2002.

OWNER OF U.S. REG. NOS. 2,518,569 AND 2,663,964.

SER. NO. 76-457,124, FILED 10-9-2002.

YONG KIM, EXAMINING ATTORNEY

Int. Cls.: 9, 14, 18 and 25

Prior U.S. Cls.: 1, 2, 3, 21, 22, 23, 26, 27, 28, 36, 38, 39, 41 and 50

Reg. No. 2,859,305

## United States Patent and Trademark Office

Registered July 6, 2004

### TRADEMARK
### PRINCIPAL REGISTER

## VELOCITY

MARY KAY INC. (DELAWARE CORPORATION)
16251 DALLAS PARKWAY
P. O. BOX 799045
DALLAS, TX 753799045

FOR: SUNGLASSES SOLD OR GIVEN TO MEM-
BERS OF AN INDEPENDENT SALES FORCE IN
RECOGNITION OF ACHIEVEMENT OR IN CON-
JUNCTION WITH THE PROMOTION OF CERTAIN
FRAGRANCE, SKIN CARE, AND COLOR COSMET-
ICS PRODUCTS, AS INCENTIVE OR COMMEM-
ORATIVE ITEMS, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36
AND 38).

FIRST USE 7-0-2001; IN COMMERCE 7-0-2001.

FOR: JEWELRY, NAMELY WATCHES SOLD OR
GIVEN TO MEMBERS OF AN INDEPENDENT
SALES FORCE IN RECOGNITION OF ACHIEVE-
MENT OR IN CONJUNCTION WITH THE PROMO-
TION OF CERTAIN FRAGRANCE, SKIN CARE,
AND COLOR COSMETICS PRODUCTS, AS INCEN-
TIVE OR COMMEMORATIVE ITEMS , IN CLASS 14
(U.S. CLS. 2, 27, 28 AND 50).

FIRST USE 7-0-2001; IN COMMERCE 7-0-2001.

FOR: TOTE BAGS SOLD OR GIVEN TO MEM-
BERS OF AN INDEPENDENT SALES FORCE IN
RECOGNITION OF ACHIEVEMENT OR IN CON-
JUNCTION WITH THE PROMOTION OF CERTAIN
FRAGRANCE, SKIN CARE, AND COLOR COSMET-
ICS PRODUCTS, AS INCENTIVE OR COMMEM-
ORATIVE ITEMS, IN CLASS 18 (U.S. CLS. 1, 2, 3, 22
AND 41).

FIRST USE 7-0-2001; IN COMMERCE 7-0-2001.

FOR: CLOTHING; NAMELY BALL CAPS, AND
TEE-SHIRTS SOLD OR GIVEN TO MEMBERS OF
AN INDEPENDENT SALES FORCE IN RECOGNI-
TION OF ACHIEVEMENT OR IN CONJUNCTION
WITH THE PROMOTION OF CERTAIN FRA-
GRANCE, SKIN CARE, AND COLOR COSMETICS
PRODUCTS, AS INCENTIVE OR COMMEMORA-
TIVE ITEMS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 7-0-2001; IN COMMERCE 7-0-2001.

SER. NO. 76-308,226, FILED 8-31-2001.

JEFFREY S. MOLINOFF, EXAMINING ATTORNEY

Int. Cl.: 3

Prior U.S. Cls.: 1, 4, 6, 50, 51, and 52

**United States Patent and Trademark Office**

Reg. No. 2,663,964
Registered Dec. 17, 2002

## TRADEMARK
### PRINCIPAL REGISTER

## VELOCITY

MARY KAY INC. (DELAWARE CORPORATION)
16251 DALLAS PARKWAY
P.O. BOX 799045
DALLAS, TX 753799045

FOR: PERFUMES; COLOGNES; RELATED FRAGRANCE PRODUCTS, NAMELY, BATH AND SHOWER GELS, BODY SOAPS, ESSENTIAL OILS FOR PERSONAL USE, BATH OILS AND BODY OILS; BATH SALTS; BUBBLE BATH; BODY LOTIONS, CREAMS, GELS AND POWDERS; BODY SPRAYS AND MISTS, AND FRAGRANCED WASH FOR FINE LINGERIE; SKIN CARE PRODUCTS, NAMELY, CLEANSING CREAMS AND LOTIONS, FRESHENERS, TONERS, MOISTURIZERS, NIGHT CREAMS, CLEANSING BARS AND FACIAL SOAPS, HAND CREAMS, BODY CREAMS, FACE CREAMS, SKIN CONDITIONERS, FACIAL OIL CONTROLLERS, SKIN OIL ABSORBERS, MASKS, COSMETIC FACIAL MUDS, BUFFING CREAMS, FACIAL AND BODY SCRUBS; SKIN EXFOLIATORS, SKIN EMOLLIENTS, LIQUID TALCS, AND BODY POLISHERS; NON-MEDICATED SUNSCREEN AND SUNBLOCK PREPARATIONS; AND COSMETICS, NAMELY SELF TANNING LOTIONS, CREAMS, GELS, AND SPRAYS, LIQUID MAKEUP FOUNDATIONS, CREAM MAKEUP FOUNDATIONS, FACIAL HIGHLIGHTERS, BLEMISH CONCEALERS, MASCARAS, EYELINERS, EYE PENCILS, EYE SHADOWS, EYEBROW PENCILS, EYE MAKEUP REMOVERS, BLUSHERS, ROUGES, POWDER AND CREAM CHEEK COLORS, LOOSE AND PRESSED FACE POWDERS, LIPSTICKS, LIP GLOSSES, LIP LINER PENCILS, LIP COLOR CRAYONS, LIPSTICK ADJUSTERS, NAMELY, PREPARATIONS USED TO ADJUST THE SHADE OF LIP COLOUR, NAIL CARE PREPARATIONS, NAIL COLORS, NAIL TOP AND BASE COATS; ALL SOLD EXCLUSIVELY BY MEMBERS OF AN INDEPENDENT CONTRACTOR SALES FORCE WHO SELL PRODUCTS ONLY DIRECTLY TO THE CONSUMERS ALL SOLD EXCLUSIVELY BY MEMBERS OF AN INDEPENDENT CONTRACTOR SALES FORCE WHO SELL PRODUCTS ONLY DIRECTLY TO THE CONSUMERS, IN CLASS 3 (U.S. CLS. 1, 4, 6, 50, 51 AND 52).

FIRST USE 6-0-2001; IN COMMERCE 6-0-2001.

SN 76-047,294, FILED 5-12-2000.

JEFFREY S. MOLINOFF, EXAMINING ATTORNEY

Int. Cl.: 3

Prior U.S. Cls.: 1, 4, 6, 50, 51, and 52

Reg. No. 2,518,569

## United States Patent and Trademark Office

Registered Dec. 11, 2001

### TRADEMARK
#### PRINCIPAL REGISTER

## VELOCITY

MARY KAY INC. (DELAWARE CORPORATION)
16251 DALLAS PARKWAY
P.O. BOX 799045
DALLAS, TX 753799045

FOR: PERFUMES, COLOGNES, AND RELATED FRAGRANCE PRODUCT, NAMELY, BATH GELS, BODY SOAPS, AND ESSENTIAL OILS FOR PERSONAL USE; BATH OILS AND BODY OILS; BODY LOTIONS, CREAMS AND POWERS, AND SKIN CARE PRODUCTS, NAMELY, CLEANSING CREAMS AND LOTIONS, FRESHENERS, TONERS, MOISTURIZERS, NIGHT CREAMS, CLEANSING BARS AND FACIAL SOAPS, HAND CREAMS, BODY CREAMS, FACE CREAMS, SKIN CONDITIONERS, OIL CONTROLLERS, OIL ABSORBERS, MASKS, MUDS, BUFFING CREAMS, FACIAL AND BODY SCRUBS; SKIN EXFOLIATORS, SKIN EMOLLIENTS, LIQUID TALCS, AND BODY POLISHERS, IN CLASS 3 (U.S. CLS. 1, 4, 6, 50, 51 AND 52).

FIRST USE 6-0-2001; IN COMMERCE 6-0-2001.

SN 75-922,758, FILED 2-18-2000.

KIMBERLY PERRY, EXAMINING ATTORNEY

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Mary Kay Inc.

## DEFENDANTS

Sharon K. Lilly and Dennis C Lilly.

(b) County of Residence of First Listed Plaintiff  **Dallas County, Texas**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  **Naples, Florida**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
John T. Cox III and Christopher Schwegmann, Lynn, Tillotson Pinker & Cox, L.L.P., 750 N. St. Paul St. Suite 1400 Dallas Texas  75201

Attorneys (If Known)

**3-08CV2082-K**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☒ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☒ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1  Original Proceeding
☐ 2  Removed from State Court
☐ 3  Remanded from Appellate Court
☐ 4  Reinstated or Reopened
☐ 5  Transferred from another district (specify)
☐ 6  Multidistrict Litigation
☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
United States Trademark Act 15 U.S.C. §§ 1051

Brief description of cause:
Trademark Infringement

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE                              DOCKET NUMBER

DATE
11/21/2008

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE